IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL DAWN WEIMER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-1265 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| COUNTY OF FAYETTE, PENNSYLVANIA, ) | |
| OFFICE OF THE FAYETTE COUNTY ) | Re: ECF No. 91 |
| DISTRICT ATTORNEY, CONNELLSVILLE ) | |
| TOWNSHIP, NANCY VERNON *in her* ) | |
| *official and individual capacities*, RONALD ) | |
| HAGGERTY, JR., THOMAS CESARIO, ) | |
| THOMAS PATTON, BEVERLY ASHTON *in* ) | |
| *their individual capacities,* CITY OF ) | |
| CONNELLSVILLE, ) | |
| ) | |
| Defendants. | |

## **OPINION**

On April 7, 2006, Plaintiff Crystal Dawn Weimer ("Weimer") was wrongfully convicted of third-degree murder and conspiracy to commit third-degree murder in connection with the murder of Curtis Haith ("Haith"). ECF No. 74 ¶¶ 1-2. As a result of this wrongful conviction, Weimer was incarcerated for more than eleven years before she was fully exonerated of all charges. Id. ¶ 1. Defendant Thomas Patton ("Patton") was a corporal in the Connellsville Police Department who led the investigation of Haith's murder after Weimer's convictions were vacated. Id. ¶ 18. Pending before the Court is a Rule 12(b)(6) Motion to Dismiss filed by Patton, seeking the dismissal of four of the five counts (Counts I, II, III and V) brought against him in the Second Amended Complaint filed by Weimer. ECF No. 91.

### I. PROCEDURAL BACKGROUND

Weimer filed her original Complaint against County of Fayette, Pennsylvania, Office of the Fayette County District Attorney, Connellsville Township, Nancy Vernon, the District

Attorney for Fayette County, in her official and individual capacities, and Ronald Haggerty, Jr., a sergeant in the Connellsville Police Department, Thomas Cesario, a detective lieutenant in the Connellsville Police Department, Patton, a corporal in the Connellsville Police Department and Beverly Ashton, a corporal in the Pennsylvania State Police Department, in their individual capacities, on September 28, 2017. ECF No. 1. The defendants filed motions to dismiss the original Complaint, ECF Nos. 23, 29, 32, and 35, which were denied as moot after Weimer filed an Amended Complaint. ECF No. 48. In the Amended Complaint, Weimer named as defendants County of Fayette, Pennsylvania, Office of the Fayette County District Attorney, City of Connellsville, Nancy Vernon, in her official and individual capacities, and Ronald Haggerty, Jr., Thomas Cesario, Thomas Patton and Beverly Ashton, in their individual capacities. ECF No. 47. Connellsville Township was terminated as a defendant the same date.

Defendants City of Connellsville, Ronald Haggerty, Jr. and Patton (collectively, the "Connellsville Defendants") filed a Motion to Dismiss the Amended Complaint. ECF No. 57. On September 14, 2018, this Court filed an Opinion and Order granting in part and denying in part the Connellsville Defendants' Motion to Dismiss. ECF No. 72. As to Patton, this Court, *inter alia*, denied the Motion to Dismiss as to a claim of § 1983 supervisory liability and granted the Motion to Dismiss without prejudice as to claims of: (1) § 1983 malicious prosecution (Fourth Amendment); (2) § 1983 civil rights conspiracy; (3) § 1983 failure to intervene; and (4) state law malicious prosecution.[1] Id. Weimer was granted leave to file a Second Amended Complaint an allege facts sufficient to support the claims dismissed without prejudice. Id.

On October 15, 2018, Weimer filed a Second Amended Complaint. ECF No. 74. Therein, she raises the following claims against Patton: (1) Count I - § 1983 malicious prosecution (Fourth

---

[1] The Court also granted with prejudice the Motion to Dismiss as to claims against Patton for § 1983 malicious prosecution (14th Amendment) and § 1983 due process violation (14th Amendment). Id.

Amendment); (2) Count II - § 1983 civil rights conspiracy; (3) Count III - § 1983 failure to intervene; (4) Count IV - § 1983 supervisory liability; and (5) Count V - state law malicious prosecution. Id. On November 19, 2018, Patton filed the instant Motion to Dismiss and brief in support, seeking dismissal of Counts I, II, III and V. ECF Nos. 91-92. On December 20, 2018, Weimer filed a brief in opposition. ECF No. 96. The Motion to Dismiss is now ripe for consideration.

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). See also McTernan v. City of York, Penn., 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 556 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del. Feb. 19, 2008) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556 n. 3).

The United States Court of Appeals for the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010)).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Tracinda Corp. v. DaimlerChrysler AG, 197 F. Supp. 2d 42, 53 (D. Del. 2002) (citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Rule 12(b) where it does not allege "enough facts to state a claim to relief that is plausible on its

4

face," Twombly, 550 U.S. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. Swope v. City of Pittsburgh, 90 F. Supp. 3d 400, 405 (W.D. Pa. 2015) (citing Oatway v. American Intern. Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003)).

### III. FACTUAL ALLEGATIONS

In her Second Amended Complaint, Weimer alleges the following pertinent facts. Curtis Haith was murdered on January 27, 2001. ECF No. 74 ¶ 21. On April 7, 2006, Weimer was convicted of third-degree murder and conspiracy to commit third-degree murder in connection with Haith's murder. Id. ¶¶ 1-2.

On October 1, 2015, after serving eleven years in prison, Weimer's convictions and sentence were vacated, and she was granted a new trial. Id. at 1. After Weimer's convictions were vacated, the individual defendants continued to act in concert to attempt to create additional evidence, with the intent of re-prosecuting Weimer for Haith's murder. Id. ¶ 86. The defendants' ongoing investigation of Haith's murder and malicious pursuit of Weimer included interviews of Joseph Stenger ("Stenger"), an inmate who had previously confessed (and later recanted) his involvement in Haith's murder, as well as the continued and deliberate withholding of exculpatory evidence. Id. ¶¶ 49, 86.

At this time, Patton was assigned to lead the ongoing investigation of Haith's murder in an effort to re-prosecute Weimer for Haith's murder. Id. ¶ 89. On December 12, 2015, Patton interviewed Stenger without Stenger's legal counsel present. Id. Stenger reiterated his recantation and told Patton "he was coerced by police into confessing and implicated Crystal Weimer." Id.

5

On June 27, 2016, Judge Daniel Howsare dismissed all charges against Weimer with prejudice. Id. ¶ 96.

## IV. DISCUSSION

As set forth above, upon consideration of the Connellsville Defendants' Motion to Dismiss the Amended Complaint, this Court found that Weimer had alleged insufficient facts in the Amended Complaint to support the claims against Patton as to: (1) § 1983 malicious prosecution (Fourth Amendment); (2) § 1983 civil rights conspiracy; (3) § 1983 failure to intervene; and (4) state law malicious prosecution. ECF No. 72 at 33-34. These claims were dismissed without prejudice to Weimer to file a Second Amended Complaint alleging sufficient facts to support these claims. Id. at 34. In Weimer's Second Amended Complaint, she again raised, *inter alia*, these four claims against Patton. Despite clear guidance from this Court as to the pleading deficiencies, Weimer did not make any additional factual allegations concerning Patton. Instead, she merely reiterated the identical allegation as to Patton's actions that this Court previously considered and found to be insufficient to support the subject claims. Compare ECF No. 47 ¶ 82 with ECF No. 74 ¶ 89. As such, the identical holdings as to the four identified claims must apply.

Accordingly, Patton's Motion to Dismiss will be granted. Count I (§ 1983 malicious prosecution), Count II (§ 1983 civil rights conspiracy), Count III (§ 1983 failure to intervene) and Count V (state law malicious prosecution) will be dismissed with prejudice as to Patton. Count IV (§ 1983 supervisory liability) will proceed against Patton. An appropriate Order follows.

## **ORDER**

AND NOW this 5th day of April, 2019, it is hereby ORDERED, ADJUDGED, AND DECREED that the Motion to Dismiss filed by the Defendant Thomas Patton, ECF No. 91, is GRANTED. Count I (§ 1983 malicious prosecution), Count II (§ 1983 civil rights conspiracy, Count III (§ 1983 failure to intervene) and Count V (state law malicious prosecution) are DISMISSED with prejudice as to Defendant Thomas Patton.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE